UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Swagelok Co., | ) | CASE NO: 5:18CV2822 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Laura Patterson, et al., | ) | |
| | ) | (Resolving Docs. 5, 13, 18, 22, 33, 39, 40, & 41) |
| Defendants. | ) | |

Pending before the Court are various motions filed by Plaintiff Swagelok Co., Defendants Laura Patterson and Amourgis & Associates, LLC, and third-party defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, Optum, Inc., and Kreiner & Peters Co., L.P.A. The Court now resolves those motions.

On December 7, 2018, Swagelok filed this complaint seeking a declaration that it has a right of reimbursement for funds paid to Defendant Laura Patterson. Swagelok also sought to enjoin Defendant Amourgis & Associates, LLC from disbursing any funds in its possession that were related to a settlement reached by Patterson. Swagelok sought default judgment against Amourgis & Associates on February 4, 2019. Doc. 13. On February 20, 2019, the law firm sought to vacate the Clerk's entry of default. Doc. 18. On March 1, 2019, both defendants sought to dismiss the complaint. Doc. 22. On March 1, 2019 and March 4, 2019, both defendants answered the complaint. With her answer,

Patterson asserted numerous claims against the now third-party defendants. On March 15, 2019, Swagelok sought to strike the answer of the law firm. Doc. 33.

Despite the flurry of motions filed by the parties, the Court conducted a case management conference on March 26, 2019. During that conference, the Court informed Swagelok that its complaint would be dismissed. The Court now explains its reasoning.

In *Colorado River*, the Supreme Court declared that, in deciding whether to defer to the concurrent jurisdiction of a state court, a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). *Colorado River* abstention rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Id.* at 817 "[T]he consideration that was paramount in Colorado River itself [was] the danger of piecemeal litigation." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

The threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court. *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, merely "substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). The Sixth Circuit's "focus in these cases, once [it has] found that a parallel state proceeding exists, has been

on the relative progress of the state and federal proceedings." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004).

There can be no dispute that there is an existing state court proceeding that is "substantially similar" to the claims raised in the complaint. In her state court proceeding, Patterson sought and received a declaration that there was no right of reimbursement – the precise issue raised in the federal complaint. Swagelok asserts before this Court that the state court lacked jurisdiction over such a claim. However, the timing of the filing of Swagelok's complaint weighs heavily in favor of abstention. It was not until nearly three months *after* Swagelok received an unfavorable ruling in state court that it filed suit herein. Further, the state court proceedings have still not wound their way through the appellate process, so the state court proceedings remain parallel to this proceeding.

While the state court proceedings remain pending, the complaint in this matter is hereby PERPETUALLY STAYED and ADMINISTRATIVELY CLOSED. If necessary, any proper party may seek to reopen these proceedings following the conclusion of the state court proceedings. Based upon this finding, the motion for a temporary restraining order (Doc. 5), the motion for default judgment (Doc. 13), the motion to vacate default (Doc. 18), the motion to dismiss the complaint (Doc. 22), and the motion to strike the answer (Doc. 33) are DENIED AS MOOT.

With respect to the third-party complaint, Patterson concedes that her claims are improper third-party claims as they are independent from the complaint. Patterson seeks to avoid dismissal of these claims by requesting that the Court realign the parties. The motion to realign (Doc. 41) is DENIED. Realigning the parties would serve to allow an

3

improper addition of parties and claims. The Court declines to do so. As Patterson has requested dismissal of her claims without prejudice as an alternative, the Court treats her assertion as a Rule 41 notice of voluntary dismissal. As no answer to the third-party complaint has been filed, the third-party complaint is hereby dismissed without prejudice. The motion to dismiss the third-party complaint (Doc. 39) is hereby DENIED AS MOOT.

Patterson and Amourgis & Associates also seek sanctions based upon the filing of the complaint. However, the argument for sanctions is dependent upon a finding that the state court judgment is correct. As the state court proceedings have not come to a full and final conclusion, the motion for sanctions is premature. Accordingly, the motion for sanctions (Doc. 40) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


April 29, 2019	/s/ *Judge John R. Adams*
Date	JUDGE JOHN R. ADAMS
	UNITED STATES DISTRICT COURT